Jodi S. Howlett, Esq.
Attorney I.D.: 039272007
Machado Law Group
1 Cleveland Place
Springfield, New Jersey 07081
T: (973) 232-5291
F: (973) 232-6261
jhowlett@machadolawgroup.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| A.L. and N.L. individually and as Guardians *ad litem* of M.L.,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Howell Township Board of Education,<br><br>　　　　Defendant. | Civil Action<br><br>Docket No.: 3:24-cv-00234 ZNQ-RLS<br><br>**ANSWER TO VERIFIED COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendant, Howell Township Board of Education ("Board" or "Defendant"), by and through its attorneys, hereby responds to the Verified Complaint filed by Plaintiffs J.S. and S.S., on behalf of A.S. ("Plaintiffs"), as follows:

### JURISDICTION AND VENUE

1. Paragraph 1 contains no factual allegations against Defendant to which a response is necessary. Further answering, the allegations contained in Paragraph 1 call for conclusions of law to which no response is required, and Plaintiffs are left to their proofs.

2. Paragraph 2 contains no factual allegations against Defendant to which a response is necessary. Further answering, the allegations contained in Paragraph 2 call for conclusions of law to which no response is required, and Plaintiffs are left to their proofs.

## THE PARTIES

3. Paragraph 3 contains no factual allegations against Defendant to which a response is necessary. To the extent an answer is required, admitted.

4. Paragraph 4 contains no factual allegations against Defendant to which a response is necessary. To the extent an answer is required, admitted.

## STATUTORY AND REGULATORY SCHEME

5. Paragraph 5 contains no factual allegations against Defendant to which a response is necessary. To the extent an answer is required, admitted.

6. Paragraph 6 contains no factual allegations against Defendant to which a response is necessary. To the extent an answer is required, admitted.

## FACTS

7. Admitted.

8. Paragraph 8 contains no factual allegations against Defendant to which a response is necessary. To the extent an answer is required, denied and Plaintiffs are left to their proofs.

9. Defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the hearsay allegations contained in Paragraph 9, and therefore leaves Plaintiffs to their proofs.

10. Admitted that M.L. entered the Howell Township Public School District ("District") in September of 2017 and the District referred her to I&RS during her Kindergarten year. The remaining allegations are denied as stated and Defendant leaves Plaintiffs to their proofs.

11. Defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the allegations contained in Paragraph 11 and therefore leaves Plaintiffs to their proofs.

12. Paragraph 12 contains no factual allegations against Defendant to which a response is necessary. Further answering, the Educational Evaluation conducted by Defendant in 2019 is a writing which speaks for itself. Thus, all allegations and characterizations thereof are denied, and Plaintiffs are left to their proofs.

13. Paragraph 13 contains no factual allegations against Defendant to which a response is necessary. Further answering, the Psychological Evaluation conducted by Defendant in 2019 is a writing which speaks for itself. Thus, all allegations and characterizations thereof are denied, and Plaintiffs are left to their proofs.

14. Admitted.

15. Admitted.

16. M.L.'s IEP and eligibility documentation are writings that speak for themselves. All allegations and characterizations thereof contained in Paragraph 16 are denied and Plaintiffs are left to their proofs.

17. The transcripts of the underlying due process hearing in the instant matter are writings which speak for themselves. All allegations and characterizations thereof contained in Paragraph 17 are denied and Plaintiffs are left to their proofs.

18. The transcripts of the underlying due process hearing in the instant matter are writings which speak for themselves. All allegations and characterizations thereof contained in Paragraph 18 are denied and Plaintiffs are left to their proofs.

19. Denied as stated. Further answering, the IEP is a writing which speaks for itself, and all allegations and characterizations thereof are denied. Plaintiffs are left to their proofs.

20. Denied as stated. Further answering, the IEP is a writing which speaks for itself, and all allegations and characterizations thereof are denied. Plaintiffs are left to their proofs.

21. Denied as stated. Defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the hearsay allegations contained in Paragraph 21, and therefore leaves Plaintiffs to their proofs. Lastly, the allegations regarding M.L.'s sister contained in Paragraph 21 are not related to the Parties in this action and for this reason this Defendant makes no response thereto.

22. Denied as stated. Defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the hearsay allegations contained in Paragraph 22, and therefore leaves Plaintiffs to their proofs.

23. Denied as stated.

24. Admitted only that Defendant transitioned to virtual instruction due to the outbreak of the COVID-19 pandemic in March of 2020. To the extent an answer is required for the remaining allegations in Paragraph 24, denied as stated and Defendant leaves Plaintiffs to their proofs.

25. The transcripts of the underlying due process hearing in the instant matter are writings which speak for themselves. All allegations and characterizations thereof contained in Paragraph 25 are denied and Plaintiffs are left to their proofs.

26. The transcripts of the underlying due process hearing in the instant matter are writings which speak for themselves. All allegations and characterizations thereof contained in Paragraph 26 are denied and Plaintiffs are left to their proofs.

27. Admitted only that ESY was delivered virtually between M.L.'s second and third grade year. Defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the remaining hearsay allegations contained in Paragraph 27, and therefore leaves Plaintiffs to their proofs.

28. Admitted only that Defendant reopened for in-person instruction in September 2020 on a part time basis and that M.L. began attending Ramtown Elementary for the 2020-2021 third grade school year. Defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the remaining hearsay allegations contained in Paragraph 28, and therefore leaves Plaintiffs to their proofs.

29. Denied as stated. Further answering, the IEP memorializing M.L.'s program and placement is a writing which speaks for itself, and all allegations and characterizations thereof are denied. Plaintiffs are left to their proofs.

30. Denied as stated. Further answering, the IEP memorializing M.L.'s program and placement is a writing which speaks for itself, and all allegations and characterizations thereof are denied. Plaintiffs are left to their proofs.

31. Denied as stated. Further answering, the transcripts of the underlying due process hearing in the instant matter are writings which speak for themselves. All allegations and characterizations thereof contained in Paragraph 31 are denied and Plaintiffs are left to their proofs.

32. Denied as stated. Further answering, the IEP memorializing M.L.'s program and placement is a writing which speaks for itself, and all allegations and characterizations thereof are denied. Plaintiffs are left to their proofs.

33. The transcripts of the underlying due process hearing in the instant matter are writings which speak for themselves. All allegations and characterizations thereof contained in Paragraph 33 are denied and Plaintiffs are left to their proofs.

34. The transcripts of the underlying due process hearing in the instant matter are writings which speak for themselves. All allegations and characterizations thereof contained in Paragraph 34 are denied and Plaintiffs are left to their proofs.

35. The transcripts of the underlying due process hearing in the instant matter are writings which speak for themselves. All allegations and characterizations thereof contained in Paragraph 35 are denied and Plaintiffs are left to their proofs.

36. Defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the hearsay allegations contained in Paragraph 36, and therefore leaves Plaintiffs to their proofs. Further answering, Paragraph 36 contains no factual allegations against Defendant to which a response is necessary.

37. Denied as stated.

38. Denied as stated.

39. The transcripts of the underlying due process hearing in the instant matter are writings which speak for themselves. All allegations and characterizations thereof contained in Paragraph 39 are denied and Plaintiffs are left to their proofs. Further answering, the IEP is a writing which speaks for itself, and all allegations and characterizations thereof are denied.

40. Denied as stated. The transcripts of the underlying due process hearing in the instant matter are writings which speak for themselves.

41. Admitted only that Defendant implemented a Fundamental Behavior Assessment for M.L. All other allegations are denied as stated.

42. The transcripts of the underlying due process hearing in the instant matter are writings which speak for themselves. All allegations and characterizations thereof contained in Paragraph 42 are denied and Plaintiffs are left to their proofs.

43. The transcripts of the underlying due process hearing in the instant matter are writings which speak for themselves. All allegations and characterizations thereof contained in Paragraph 43 are denied and Plaintiffs are left to their proofs.

44. Plaintiff omitted Paragraph 44.

45. The transcripts of the underlying due process hearing in the instant matter are writings which speak for themselves. All allegations and characterizations thereof contained in Paragraph 45 are denied and Plaintiffs are left to their proofs.

46. Denied as stated. Defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the hearsay allegations contained in Paragraph 46, and therefore leaves Plaintiffs to their proofs.

47. Inasmuch as the IEP is a writing and speaks for itself, all allegations and characterizations thereof are denied, and Plaintiffs are left to their proofs.

48. Denied as stated. Defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the hearsay allegations contained in Paragraph 48, and therefore leaves Plaintiffs to their proofs.

49. The transcripts of the underlying due process hearing in the instant matter are writings which speak for themselves. All allegations and characterizations thereof contained in Paragraph 49 are denied and Plaintiffs are left to their proofs.

50. Denied as stated.

51. The transcripts of the underlying due process hearing in the instant matter are writings which speak for themselves. All allegations and characterizations thereof contained in Paragraph 51 are denied and Plaintiffs are left to their proofs.

52. The transcripts of the underlying due process hearing in the instant matter are writings which speak for themselves. All allegations and characterizations thereof contained in Paragraph 52 are denied and Plaintiffs are left to their proofs.

53. Ms. Brunner's Oral and Written Language Evaluation is a writing that speaks for itself. All allegations and characterizations thereof contained in Paragraph 53 are denied and Plaintiffs are left to their proofs.

54. Ms. Brunner's Oral and Written Language Evaluation is a writing that speaks for itself. All allegations and characterizations thereof contained in Paragraph 54 are denied and Plaintiffs are left to their proofs.

55. Ms. Brunner's Oral and Written Language Evaluation is a writing that speaks for itself. All allegations and characterizations thereof contained in Paragraph 55 are denied and Plaintiffs are left to their proofs.

56. Ms. Brunner's Oral and Written Language Evaluation is a writing that speaks for itself. All allegations and characterizations thereof contained in Paragraph 56 are denied and Plaintiffs are left to their proofs.

57. Ms. Brunner's Oral and Written Language Evaluation is a writing that speaks for itself. All allegations and characterizations thereof contained in Paragraph 57 are denied and Plaintiffs are left to their proofs.

58. Both the underlying testimony transcripts and Ms. Brunner's Oral and Written Language Evaluation are writings that speak for themselves. All allegations and characterizations thereof contained in Paragraph 58 are denied and Plaintiffs are left to their proofs.

59. Ms. Brunner's Oral and Written Language Evaluation is a writing that speaks for itself. All allegations and characterizations thereof contained in Paragraph 59 are denied and Plaintiffs are left to their proofs.

60. Ms. Brunner's Oral and Written Language Evaluation is a writing that speaks for itself. All allegations and characterizations thereof contained in Paragraph 60 are denied and Plaintiffs are left to their proofs.

61. Ms. Brunner's Oral and Written Language Evaluation is a writing that speaks for itself. All allegations and characterizations thereof contained in Paragraph 61 are denied and Plaintiffs are left to their proofs.

62. Both the underlying testimony transcripts and Ms. Brunner's Oral and Written Language Evaluation are writings that speak for themselves. All allegations and characterizations thereof contained in Paragraph 62 are denied and Plaintiffs are left to their proofs.

63. Denied as stated.

64. Admitted only that the Plaintiffs located The Academy in Holmdel, New Jersey as a potential placement for M.L. The remaining allegations in Paragraph 64 are denied as stated and Plaintiffs are left to their proofs.

65. Admitted that M.L. began the 2022-2023 fourth grade school year at Ramtown Elementary School and Plaintiffs advised Defendant in writing that they would be unilaterally placing her at the Academy effective on or about October 24, 2022. The remaining allegations are denied as stated and Plaintiffs are left to their proofs.

66. Denied as stated and Plaintiffs are left to their proofs.

67. Denied as stated. Defendant is without sufficient knowledge or information upon which to form an opinion or belief as to the truth or falsity of the hearsay allegations contained in Paragraph 67, and therefore leaves Plaintiffs to their proofs.

68. Denied as stated.

69. M.L.'s "Greatness Plan" at the Academy is a writing which speaks for itself, and all allegations and characterizations thereof are denied. Plaintiffs are left to their proofs.

70. Ms. Brunner's observation of M.L. at The Academy and the underlying testimony transcripts are writings which speak for themselves, and all allegations and characterizations thereof are denied. Plaintiffs are left to their proofs.

71. Ms. Brunner's observation of M.L. at The Academy and the underlying testimony transcripts are writings which speak for themselves, and all allegations and characterizations thereof are denied. Plaintiffs are left to their proofs.

72. Denied as stated.

73. The transcripts of the underlying due process hearing in the instant matter are writings which speak for themselves. Plaintiffs are left to their proofs.

## PROCEDURAL POSTURE

74. Paragraph 74 contains no factual allegations against Defendant to which a response is necessary. Further answering, inasmuch as the Final Decision is a writing which speaks for itself, all allegations and characterizations thereof are denied, and Plaintiffs are left to their proofs.

75. Paragraph 75 contains no factual allegations against Defendant to which a response is necessary. Further answering, inasmuch as the Final Decision is a writing which speaks for itself, all allegations and characterizations thereof are denied, and Plaintiffs are left to their proofs.

## STANDARD OF REVIEW

76. Paragraph 76 is denied as the allegations contained therein call for legal conclusions to which no response is necessary, and Plaintiffs are left to their proofs.

77. Paragraph 77 is denied as the allegations contained therein call for legal conclusions to which no response is necessary, and Plaintiffs are left to their proofs.

78. Paragraph 78 is denied as the allegations contained therein call for legal conclusions to which no response is necessary, and Plaintiffs are left to their proofs.

79. Paragraph 79 is denied as the allegations contained therein call for legal conclusions to which no response is necessary, and Plaintiffs are left to their proofs.

80. Paragraph 80 is denied as the allegations contained therein call for legal conclusions to which no response is necessary, and Plaintiffs are left to their proofs.

81. Paragraph 81 is denied as the allegations contained therein call for legal conclusions to which no response is necessary, and Plaintiffs are left to their proofs.

## CAUSES OF ACTION

82. Defendant repeats and reiterates its answers contained in Introduction as if fully set forth herein.

83. Inasmuch as the Final Decision is a writing which speaks for itself, all allegations and characterizations thereof are denied, and Plaintiffs are left to their proofs.

84. Inasmuch as the Final Decision is a writing which speaks for itself, all allegations and characterizations thereof are denied, and Plaintiffs are left to their proofs.

85. Inasmuch as the Final Decision is a writing which speaks for itself, all allegations and characterizations thereof are denied, and Plaintiffs are left to their proofs.

86. Inasmuch as the Final Decision is a writing which speaks for itself, all allegations and characterizations thereof are denied, and Plaintiffs are left to their proofs.

87. Inasmuch as the Final Decision is a writing which speaks for itself, all allegations and characterizations thereof are denied, and Plaintiffs are left to their proofs.

88. Inasmuch as the Final Decision is a writing which speaks for itself, all allegations and characterizations thereof are denied, and Plaintiffs are left to their proofs.

89. Inasmuch as the Final Decision is a writing which speaks for itself, all allegations and characterizations thereof are denied, and Plaintiffs are left to their proofs.

90. Inasmuch as the Final Decision is a writing which speaks for itself, all allegations and characterizations thereof are denied, and Plaintiffs are left to their proofs.

91. Inasmuch as the Final Decision is a writing which speaks for itself, all allegations and characterizations thereof are denied, and Plaintiffs are left to their proofs.

92. Inasmuch as the Final Decision is a writing which speaks for itself, all allegations and characterizations thereof are denied, and Plaintiffs are left to their proofs.

93. Inasmuch as the Final Decision is a writing which speaks for itself, all allegations and characterizations thereof are denied, and Plaintiffs are left to their proofs.

94. Inasmuch as the Final Decision is a writing which speaks for itself, all allegations and characterizations thereof are denied, and Plaintiffs are left to their proofs.

95. Inasmuch as the Final Decision is a writing which speaks for itself, all allegations and characterizations thereof are denied, and Plaintiffs are left to their proofs.

96. Inasmuch as the Final Decision is a writing which speaks for itself, all allegations and characterizations thereof are denied, and Plaintiffs are left to their proofs.

97. Inasmuch as the Final Decision is a writing which speaks for itself, all allegations and characterizations thereof are denied, and Plaintiffs are left to their proofs.

98. Inasmuch as the Final Decision is a writing which speaks for itself, all allegations and characterizations thereof are denied, and Plaintiffs are left to their proofs.

99. Inasmuch as the Final Decision is a writing which speaks for itself, all allegations and characterizations thereof are denied, and Plaintiffs are left to their proofs.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE AND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND SEPARATE AND AFFIRMATIVE DEFENSE

At all times relevant to this matter, Defendant, its agents, employees, officers, staff and designee(s) complied with the requirements of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§1400 et seq., Section 504 of the Rehabilitation Act of 1973, and corresponding federal and State law, and has continually offered and stands ready to provide the student with a free appropriate public education ("FAPE") in the least restrictive environment, and otherwise in conformity with all applicable laws.

### THIRD SEPARATE AND AFFIRMATIVE DEFENSE

Inasmuch as Defendant made available to the student a free, appropriate public education, Plaintiffs are barred from recovery by the 20 U.S.C. § 1400 et seq. and N.J.A.C. 6A:14-2.10 (a).

### FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

Recovery is barred or subject to reduction by N.J.A.C. 6A:14-2.10(c) and 34 C.F.R. § 300.148(d).

### FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery under the doctrine of collateral estoppel and res judicata.

### SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

Any events occurring outside the applicable statute of limitations period are barred.

### SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs' claims are frivolous and without any reasonable basis in law or fact; cannot be supported by good faith argument for extension, modification or reversal of existing law; and are lacking in evidentiary support.

### EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

Defendant reserves the right to seek reimbursement of attorneys' fees as appropriate, pursuant to 34 C.F.R. § 300.517 on the grounds stated therein.

### NINTH SEPARATE AND AFFIRMATIVE DEFENSE

Defendant reserves the right to assert other such defenses as continuing investigation and discovery may indicate.

Respectfully submitted,
MACHADO LAW GROUP
Attorneys for Defendant

Dated: April 1, 2024

By: _____
Jodi S. Howlett, Esq.

### DESIGNATION OF TRIAL COUNSEL

Jodi S. Howlett, Esq. is hereby designated as trial counsel in this matter.

MACHADO LAW GROUP
Attorneys for Defendant

Dated: April 1, 2024

By: _____
Jodi S. Howlett, Esq.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I, Jodi S. Howlett, Esq., counsel for Defendant, Howell Township Board of Education, hereby certify that the matter in controversy is not the subject of any other action pending in any court nor any pending arbitration or administrative proceeding.

MACHADO LAW GROUP
Attorneys for Defendant

Dated: April 1,2024

By:_____
Jodi S. Howlett, Esq.

## CERTIFICATION OF FILING AND SERVICE

I hereby certify that on this 1st day of April 2024, I caused the foregoing Answer and Affirmative Defenses to be electronically filed with the United States District Court for the District of New Jersey and served upon Plaintiffs' counsel, Staci Greenwald, Esq., via electronic filing.

By:_____
JODI S. HOWLETT

Dated: April 1, 2024